IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WAYNE E. MATTHEWS                        *
                                         *
        Plaintiff,                       *
                                         *
        v.                               *        Civil No. PJM # 05-1913
                                         *
COMMISSIONER OF INTERNAL                 *
REVENUE,                                 *
                                         *
        Defendant.                       *

**MEMORANDUM OPINION**

On July 13, 2005, Plaintiff Wayne Matthews, *pro se*, filed an "Appeal of Adverse

Determination Letter" contesting the IRS's determination of his income tax liabilities for 2000

and 2001.  The IRS has moved to dismiss for lack of jurisdiction.  For the reasons set forth

below, the Court GRANTS Defendant's Motion.

Section 6330(d)(1) of the Internal Revenue Code provides the following:

(d) Proceeding after hearing.
        (1) Judicial review of determination. The person may, within 30 days of a
        determination under this section, appeal such determination--
        (A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to
        such matter);
        (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a
        district court of the United States.
26 U.S.C. § 6330(d)(1)(A).

As the IRS points out, this provision vests the Tax Court with exclusive jurisdiction over

collection due process suits involving income taxes.  *See also Peterson v. Kreidich*, 2005 U.S.

App. LEXIS 8646, at *3-4 (11th Cir. 2005) ("The tax court has exclusive jurisdiction over

challenges to an IRS determination of income tax liability.").

Although his arguments are not altogether clear, Matthews seems to allege two bases for

invoking the jurisdiction of this Court.  First, he argues that subsection (d)(1)(B) applies because

the IRS fraudulently input codes for excises taxes on his tax file.  Since excise taxes are taxes

over which the Tax Court does not have jurisdiction, he argues, this Court has jurisdiction over

his appeal.  This argument fails.  Apart from Matthews' bald assertion that the IRS improperly

assessed him excise taxes, an allegation that he conspicuously failed to raise in his in his

Complaint, there is nothing to suggest that any excise taxes are at issue in this appeal.  The

Notice of Determination from which he took his appeal, and which he appended to the

Complaint, indicates that the "Tax Type/Form Number" at issue is "Income/1040."  Also

attached to his Complaint are his income tax account transcripts for 2000 and 2001.  In short,

Matthews' appeal involves a challenge to his income tax liability.

Matthews' second argument is a bit more difficult to decipher.  As best the Court can tell,

he argues that notwithstanding the Tax Court's exclusive jurisdiction over collection due process

actions involving income tax, a district court has jurisdiction over such actions where due

process violations are alleged.  Although the Fourth Circuit has not weighed in on this issue, the

First, Sixth, Seventh and Eleventh Circuits have held that an alleged constitutional violation does

not confer jurisdiction upon a district court in a collection due process action where the

underlying tax liability at issue involves income taxes.  *See Marino v. Brown*, 357 F.3d 143, 146

(1st Cir. 2004); *Martin v. C.I.R.*, 756 F.2d 38, 40 (6th Cir. 1985); *Voelker v. Nolen*, 365 F.3d

580, 581 (7th Cir. 2004);  *Peterson*, 2005 U.S. App. LEXIS 8646, at *4.  The Court thus

concludes that the alleged due process violation does not provide any basis for exercising its

jurisdiction.

In sum, this is a straightforward collection due process action involving income tax, over

which the Tax Court has exclusive jurisdiction.

Accordingly, Defendant's Motion to Dismiss [Paper No. 4] is GRANTED and this case is

DISMISSED WITHOUT PREJUDICE.  Matthews must file an appeal in the Tax Court within

thirty (30) days of the entry of the accompanying Order.  *See* 26 U.S.C. § 6330(d)(1).

A separate Order shall issue.


                                                    _____/s/_____
March 24, 2006                                         PETER J. MESSITTE
                                                 UNITED STATES DISTRICT JUDGE